**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donna Leigh Santos, | No. CV-19-04923-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Donna Santos's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 10, "Pl. Br."), Defendant SSA Commissioner's Response Brief (Doc. 11, "Def. Br."), and Plaintiff's Reply (Doc. 12, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 9, "R."), and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 14–32) as upheld by the Appeals Council (R. at 1–6).

**I.    BACKGROUND**

Plaintiff filed her Application for Disability Insurance Benefits on August 30, 2015, alleging disability beginning on April 30, 2011. (R. at 17.) Her claim was denied initially on May 17, 2016, and upon reconsideration on July 29, 2016. (R. at 17.) On May 2, 2018, Plaintiff appeared at a hearing before the ALJ. (R. at 17.) On August 7, 2018, the ALJ

denied Plaintiff's Application, and on June 28, 2019, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1–6, 14–32.)

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: obesity, fibromyalgia, myalgia encephalomyelitis, and chronic fatigue syndrome. (R. at 19.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from April 30, 2011 through December 31, 2014, her date last insured ("DLI"). (R. at 27.)  The ALJ found that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 21.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC") and found that she can "perform light work as defined in 20 CFR 404.1567(b) except [she] cannot perform overhead work with the left arm and cannot be exposed to dangerous machinery and unprotected heights." (R. at 21.) Accordingly, the ALJ found that Plaintiff can perform her past relevant work as a loan officer, loan processor, and business development manager. (R. at 26.)

## II.     LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's

decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

## III. ANALYSIS

Plaintiff argues that the ALJ committed several errors in evaluating her claim: (1) the ALJ misevaluated the medical opinions of record; (2) the ALJ improperly rejected Plaintiff's symptom testimony; (3) the ALJ improperly rejected lay witness statements; and (4) the ALJ erroneously relied on vocational expert testimony given in response to a hypothetical that did not include all of Plaintiff's functional limitations. (Pl. Br. at 1.) The Court agrees with Plaintiff's arguments and accordingly reverses the ALJ's decision.[1]

---

[1] Plaintiff's argument regarding the hypothetical presented to the vocational expert is correct because it necessarily follows from the errors the ALJ made in evaluating the opinion evidence and testimony. Accordingly, the argument is superfluous and the Court does not expressly address it.

### A. The ALJ erred in rejecting the opinions of Dr. Kirk Anderson, Plaintiff's treating physician.[2]

Dr. Anderson provided three opinions regarding Plaintiff's functional limitations, and the ALJ rejected each of them. The ALJ rejected Dr. Anderson's November 10, 2011 statement because "it is a conclusory statement and without supporting documentation and is remote in its date." (R. at 24.) The ALJ rejected Dr. Anderson's December 20, 2016 assessment because "it was rendered after the [DLI] and does not account for possible worsening of the claimant's condition and is inconsistent with the claimant['s] presentation and testimony indicating that the claimant was capable of working in her garden, lifting pots, and traveling to Florida." (R. at 24.) Finally, the ALJ rejected Dr. Anderson's April 3, 2018 endorsement of Dr. Bergstrom's opinion because Dr. Bergstrom's opinion was based on an examination after Plaintiff's DLI. (R. at 25.)

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(d)(2)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion "is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

---

[2] The Court rejects Plaintiff's argument that the ALJ erroneously rejected the opinion of examining physician Dr. Larry Bergstrom. (Pl. Br. at 10.) The ALJ correctly rejected this opinion because it was based on a single examination after Plaintiff's DLI. Though an ALJ is required to consider a medical opinion offered after a claimant's DLI, the ALJ may discount the opinion because it is based on evidence outside the relevant period. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988).

Each of the reasons the ALJ offered for rejecting Dr. Anderson's opinions were proper bases for rejecting a treating physician's opinion, however none are supported by substantial evidence. First, Dr. Anderson's 2011 opinion was not "a conclusory statement without supporting documentation." (R. at 24.) Dr. Anderson treated Plaintiff over a prolonged period before, during, and after the relevant period, and his opinion is supported by his treatment records. (R. at 329–66, 372–76, 379–80.) Though timing is a proper consideration in evaluating a medical opinion, Dr. Anderson's opinion was not "remote in its date." (R. at 24.) It fell squarely within the relevant period—between Plaintiff's alleged onset date and DLI. (R. at 325.) Second, even though Dr. Anderson's 2016 assessment was rendered after Plaintiff's DLI, substantial evidence does not support its rejection on that basis. (R. at 530–36.) An ALJ must consider medical opinions rendered after a claimant's DLI, and the evidence does not support discounting Dr. Anderson's opinion based on its timing. *Smith*, 849 F.2d at 1225. Dr. Anderson's 2016 opinion is largely similar to his 2011 opinion, and both are corroborated by his treatment records. Additionally, Plaintiff's activities of daily living ("ADLs") do not support the rejection of Dr. Anderson's opinion. The ALJ's citation to two isolated instances of potentially inconsistent activities, without more, is not substantial evidence. Finally, the ALJ cites improvement as a basis for rejecting Dr. Anderson's 2016 opinion, but does not identify any such improvement in the record.

Finally, substantial evidence does not support the ALJ's rejection of Dr. Anderson's endorsement of Dr. Bergstrom's opinion. Although the ALJ correctly rejected Dr. Bergstrom's opinion because it was based on a single examination after Plaintiff's DLI, this rationale is insufficient for rejecting Dr. Anderson's 2018 endorsement. Dr. Anderson's endorsement functions as another opinion from Dr. Anderson. This opinion was not solely based on Dr. Bergstrom's opinion. Instead, it was also based on Dr. Anderson's long treatment history with Plaintiff. (R. at 518–25.) Dr. Bergstrom opined to similar limitations as Dr. Anderson's other opinions and Dr. Anderson endorsed those

limitations. Because Dr. Anderson's opinion is supported by the evidence, the ALJ erred in rejecting it.

> **B.     Substantial evidence does not support the ALJ's rejection of Plaintiff's symptom testimony.**

The ALJ rejected Plaintiff's allegations of disabling symptoms because "neither the objective medical evidence of record or the claimant's own statements and activities" supports a finding of disability. (R. at 26.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Substantial evidence does not support the ALJ's findings. Though a claimant's inconsistent statements and daily activities are permissible bases for rejecting a claimant's testimony, here, the ALJ points to very few, if any, examples of each. Importantly, the daily activities the ALJ cites—gardening and travel—do not contradict Plaintiff's testimony or reflect an ability to sustain work. *See Garrison*, 759 F.3d at 1014–16. The isolated reference to gardening in the record indicates that Plaintiff *hurt herself* gardening after a doctor recommended that she increase physical activity. (R. at 329.) Moreover,

- 6 -

Plaintiff testified that she cannot garden because of her symptoms. (R. at 68.) And the references to Plaintiff's travel in the record do not necessarily reflect any ability to sustain activity inconsistent with disability. (R. at 331.) The ALJ did not make findings regarding the specific activities that Plaintiff performed while traveling that reflect an ability to sustain work or contradict her testimony. Without more, these findings are insufficient to reject Plaintiff's testimony.

      **C.**    **The ALJ failed to provide a germane reason supported by substantial evidence for rejecting the written statements of Plaintiff's husband.**

Plaintiff's husband, Lou Santos, submitted two written statements, which the ALJ rejected for three reasons. First, the ALJ noted that Mr. Santos is not a medical professional. (R. at 25.) Second, the ALJ found that Mr. Santos's statements are uncorroborated by the medical evidence. (R. at 25.) Finally, the ALJ observed that Mr. Santos's statements appear to be self-serving. (R. at 25.)

Though an ALJ need only provide a germane reason for rejecting lay witness testimony, in this case the ALJ's reasoning is insufficient. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). First, an ALJ must consider lay witness testimony even if it is unsupported by the medical evidence. *See, e.g., Smolen*, 80 F.3d at 1289. Similar to a claimant's symptom testimony, lay witness testimony is valuable precisely because it can reveal limitations or observations not captured by the medical evidence. Second, a lay witness need not be medically trained to provide testimony about a claimant's ability to work. *See* 20 C.F.R. § 404.1513(d) (providing that lay witness testimony may be introduced "to show the severity of [the claimant's] impairment(s) and how it affects [her] ability to work"); *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir.1993). Finally, although the ALJ could permissibly reject Mr. Santos's statements because of bias, third-party statements are not inherently biased, and the ALJ must therefore identify evidence of bias. Here, the ALJ did not offer any evidence that Mr. Santos's statements are biased. Accordingly, the ALJ erred.

**D.      The proper remedy is to remand Plaintiff's case for computation of benefits.**

The credit-as-true rule, if applied here, would result in a remand of Plaintiff's case for a computation and payment of benefits. *See Garrison*, 759 F.3d at 1020. It applies if each part of a three-part test is satisfied. *Id*. First, the record must have been fully developed and further administrative proceedings would serve no useful purpose. *Id*. Next, the ALJ must have failed to provide sufficient reasons for rejecting the claimant's testimony or medical opinions. *Id*. Finally, if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled. *Id*. Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

All the elements of the credit-as-true rule are met here. First, the record is fully and extensively developed such that further proceedings would not be useful. Second, the ALJ erred by rejecting Plaintiff's symptom testimony, Dr. Anderson's opinions, and Mr. Santos's statements. Finally, if the improperly rejected evidence was credited as true, the ALJ would be required to find Plaintiff disabled. The vocational expert testified that a person who was off task for more than ten percent of the workday would be unable to sustain employment. (R. at 73–74.) Dr. Anderson opined that Plaintiff would constantly be off task due to her impairments, and Plaintiff's symptom testimony and Mr. Santos's statements corroborate this finding. (R. at 518–25.) Finally, there is no serious doubt that Plaintiff is, in fact, disabled. Defendant argues that the record raises serious doubt but does not explain why. (Def. Br. at 16.)

**IT IS THEREFORE ORDERED** reversing the August 7, 2018 decision of the Administrative Law Judge (R. at 14–32.), as upheld by the Appeals Council (R. at 1–6).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a computation of benefits.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 29th day of June, 2020.

Douglas L. Rayes
United States District Judge